Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50200 | **DATE** | 2/13/2002 |
| **CASE TITLE** | U.S.A. vs. HENDERSON | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, Henderson's section 2255 petition is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| X | Notices mailed by judge's staff. | FEB 14 2002 | |
| | Notified counsel by telephone. | date docketed | 17 |
| | Docketing to mail notices. | | |
| X | Mail AO 450 form. | docketing deputy initials | |
| X | Copy to judge/magistrate judge. | 2-14-02 | |
| /SEC | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | DW mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Michael Henderson is a federal prisoner convicted in Count 1 of conspiracy to possess with intent to distribute and to distribute cocaine base, 21 U.S.C. § 846, in Counts 2 and 3 of distribution of cocaine base totaling approximately 18 grams, 21 U.S.C. § 841(a)(1), and in Count 4 of knowingly using and carrying a firearm during a drug trafficking offense, 18 U.S.C. § 924(c). On June 25, 2001 he filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, which was later amended on November 13, 2001. The government has filed a response and Henderson has replied. The issues raised in the amended motion are: (1) his conviction in Count 4 must be reversed under Bailey v. United States, 516 U.S. 137 (1995), because of an erroneous instruction defining "use"; (2) that it was plain error not to instruct the jury on an essential element of the drug offenses, namely the quantity of either cocaine or cocaine base; and (3) the indictment failed to allege that the cocaine base charged in the indictment was "crack," and thus he was sentenced for an offense not properly charged nor was the jury instructed on it. On pages 2 and 3 of the Government's response brief, Henderson's direct appeals and post-conviction reviews are accurately set forth.

*Bailey Claim*

Henderson has failed to file his § 2255 motion within the one-year statute of limitations for such a motion under any of the four subsections of § 2255. His original motion was filed on June 25, 2001 and is not within one year of the date his conviction became final or within one year of the decision in Bougley v. United States, 523 U.S. 614 (1998). Nor are subsections (2) and (4) of § 2255 applicable. Thus, as to the Bailey claim being raised herein, it is barred. Moreover, the Bailey claim would fail on its merits. Henderson was charged with using and carrying a firearm during a drug trafficking offense. The proofs were adequate to show beyond a reasonable doubt that the firearm charged in Count 4 was actively employed and carried by co-conspirators during and in relation to the drug trafficking crimes charged. The rule of co-conspirator liability applies to § 924(c) convictions. See United States v. Martinez, 169 F.3d 1049, 1055 (7th Cir. 1999). Furthermore, contrary to Henderson's statement in his amended motion, a "use" definition instruction was not given to the jury, and his attempt to raise new issues regarding the failure to give a "use" instruction and error in the prosecutor's final argument regarding use are waived. See Wright v. United States, 139 F.3d 551, 553 (7th Cir. 1998).

*"Crack" Issue*

As with the previous claim, this issue of failure to allege as an element that the cocaine base was "crack" is barred from being presented in the § 2255 motion as it was not filed within the one-year time frame under the four applicable subsections of § 2255. In any event, the claim on the facts of this case is meritless as "crack" need not be alleged in the indictment, see Horton v. United States, 244 F.3d 546, 552 (7th Cir. 2000), and the type of drug is a necessary allegation only when such a determination will increase the maximum penalty authorized by statute. Id. at 552-53. Henderson's maximum statutory sentence was forty years, he was sentenced within that maximum, and the proofs at trial supported the jury's finding that approximately 18 grams of cocaine base were distributed as alleged in Counts 2 and 3 and that the cocaine base was "crack" for sentencing purposes.

*Apprendi Claim*

The claim that the jury was not instructed to find the quantity of either cocaine or cocaine base in violation of the principle in Apprendi v. New Jersey, 530 U.S. 466 (2000), is not barred from being raised, although its retroactive application in collateral proceedings has not been decided in this circuit. See Ashley v. United States, 266 F.3d 671 (7th Cir. 2001). Nevertheless, the argument advanced by Henderson is not, under the facts of this case, violative of Apprendi. As stated above, Henderson was found guilty of Counts 2 and 3 which alleged distributing 8 and 10 grams of cocaine base respectively. The statutory maximum penalty for distributing 5 grams or more of cocaine base is forty years. Henderson was sentenced on Counts 2 and 3 to 300 month concurrent sentences, well within the forty-year maximum. Although the conspiracy offense alleged in Count 1 should have charged an amount of 5 or more grams of cocaine base and the jury verdict should have so found in order for an enhanced sentence under Count 1, such error was harmless beyond a reasonable doubt. The conspiracy count encompassed the same period of time and conduct as Counts 2 and 3 for which the jury found Henderson guilty.

The § 2255 petition is denied.